Opinion issued January 9, 2003



















In The
Court of Appeals
For The
First District of Texas




NOS. 01-02-00250-CR
                                                               01-02-00251-CR




JAMES L. DAUGHTRY, III, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 232nd District Court
Harris County, Texas
Trial Court Cause Nos. 886170 and 891639




MEMORANDUM OPINION
          James L. Daughtry, III, appellant, was charged in two indictments with
possession of a controlled substance. Appellant filed a motion to suppress the
evidence. The trial court denied the motion to suppress, and appellant pleaded guilty
to both charges of possession of a controlled substance. Appellant was sentenced to
three years’ confinement on both charges. We affirm. 
Facts
          Possession of Codeine - Cause Number 886170
          On August 25, 2001, appellant and David Lee Brown, Jr., pulled into the
parking lot of a gas station. Officer D. L. DeBlanc was at the gas station completing
an unrelated codeine investigation. DeBlanc saw appellant driving his car with
difficulty and almost striking the gas islands. DeBlanc believed appellant was
intoxicated. DeBlanc saw Brown fix a drink by pouring liquid from an unmarked
medicine bottle into a paper cup. On the basis of his experience, DeBlanc believed
that the liquid was codeine syrup. DeBlanc also saw an unlabeled medicine bottle in
plain view in the console area of the car. DeBlanc approached the car in a marked
police unit and asked Brown to get out of the car. DeBlanc noticed that Brown was
shuffling his feet in an attempt to hide a silver .38 caliber handgun on the floorboard. 
DeBlanc also noticed a strong odor that he recognized as codeine on Brown’s breath. 
DeBlanc reached into the car and took the bottle of Sprite in Brown’s possession. At
this time, appellant returned to the car from the convenience store. Appellant said to
DeBlanc, “We was just drinking a little Lean man, nothing serious.”


 Brown further
stated, “Yeah man let us go, we was just drinking syrup.”


 Neither statement was
made in response to questioning. Both Brown and appellant were detained while
DeBlanc conducted an investigation into their possession of a controlled substance. 
DeBlanc observed several cups and containers in plain view, which he believed to
contain codeine syrup on the basis of their smell and packaging. DeBlanc placed
Brown and appellant under arrest for possession of a controlled substance. 
          Appellant claims that Brown had a prescription for the codeine syrup and that
DeBlanc came up to the car only because he just “knew” that they had something. 
          Possession of Codeine - Cause Number 891639
          On October 22, 2001, appellant was driving a white 1998 Oldsmobile
westbound in a school zone at 36 miles per hour (mph). The school zone was clearly
marked with a speed limit posted at 20 mph. Officers L. Carrion and M. Hernandez
initiated a traffic stop. Appellant stated that he did not have a Texas Driver’s
License. Carrion asked appellant to step out of the car; and, as appellant was getting
out of the car, Carrion smelled a strong odor of burnt marijuana. On the basis of his
experience, Carrion detained appellant and called for a canine unit. Carrion
conducted a pat down search of appellant and found $1,100 in small bills in
appellant’s pockets. Officer J. Ivey arrived with his trained and certified drug-sniffing dog, Boris. Boris immediately alerted to the center console of the car. Inside
the console was found a baby bottle containing codeine, within reach of appellant. 
Boris also alerted to the money found on appellant. Appellant’s print was lifted off
of the bottle containing codeine.
          Appellant denies that he was driving 36 mph. Appellant stated that he was
following behind two other cars that had slowed down upon entering the school zone,
and therefore he could not have been speeding.
Motion to Suppress
          In his sole point of error, appellant argues that the trial court erred in overruling
his motion to suppress evidence. He asserts that, in both cause numbers, the seizure
of the codeine syrup from him after the officers detained him was illegal because the
officers did not have a reasonable suspicion to stop and question him.
          Generally, a trial court’s ruling on a motion to suppress is reviewed under an
abuse of discretion standard. Oles v. State, 993 S.W.2d 103, 106 (Tex. Crim. App.
1999). However, when the motion presents a question of law based on undisputed
facts we review de novo. See id.
 
          Possession of Codeine - Cause Number 886170
          It is well settled that items in “plain view” may be seized by law enforcement
personnel if two conditions are met. Ramos v. State, 934 S.W.2d 358, 365 (Tex.
Crim. App. 1996). These conditions are that: (1) the initial intrusion must be proper;
in other words, the police must have a right to be where they are when the discovery
is made; and (2) it must be “immediately apparent” to the police that they have
evidence before them (i.e., probable cause to associate the property with criminal
activity). Ramos, 934 S.W.2d at 365.
          Not all searches conducted without a warrant are per se unreasonable. Walter
v. State, 28 S.W.3d 538, 541 (Tex. Crim. App. 2000). Seizing contraband that is in
plain view does not violate the Fourth Amendment. Id. The “plain view” doctrine
is not really an “exception” to the warrant requirement because the seizure of property
in plain view involves no invasion of privacy and is presumptively reasonable. Id. 
If an article is already in plain view, neither its observation nor its seizure would
involve any invasion of privacy. Id. Looking into a vehicle does not violate any
privacy interest protected by the Fourth Amendment. Id. at 543-44.
          DeBlanc had a right to be present in the parking lot of the gas station, and
appellant drew DeBlanc’s attention by driving erratically and almost hitting the gas 
pump islands at the gas station; therefore, the initial intrusion was proper. While
looking through the window of the car, DeBlanc saw Brown pouring liquid from one
container into another. It was immediately apparent from the odor of codeine on
Brown’s breath and Brown’s and appellant’s comments that the evidence was before
the police. Therefore, the two conditions for seizure of items in plain view were met,
and the search and seizure of appellant was proper. 
          Possession of Codeine - Cause Number 891639
          A violation of traffic law provides authorization for a police officer to stop a
vehicle and detain its occupants briefly. State v. Cardenas, 36 S.W.3d 243, 246 (Tex.
App.—Houston [1st Dist.] 2001, pet. ref’d); Josey v. State, 981 S.W.2d 831, 837
(Tex. App.—Houston [14th Dist.] 1998, pet. ref’d). A driver commits a traffic
violation if he does not comply with a properly posted speed limit sign. See Tex.
Transp. Code Ann. § 544.004(a) (Vernon 1999). 
          A routine traffic stop closely resembles an investigative detention. Martinez
v. State, 29 S.W.3d 609, 611 (Tex. App.—Houston [1st Dist.] 2000, pet. ref’d). Law
enforcement officers may stop and briefly detain a person for investigative purposes
on less information than would be required to support a probable cause determination. 
Id. (citing Terry v. Ohio, 392 U.S. 1, 21-22, 88 S. Ct. 1868, 1879-81 (1968)). To
justify the intrusion, the officer must have specific, articulable facts which, in light
of his experience and personal knowledge, together with inferences from those facts,
reasonably warrant the intrusion on the freedom of the citizen detained for further
investigation. Id. (citing Terry, 392 U.S. at 21, 88 S. Ct. at 1880).
          Appellant was driving in excess of the posted speed limit in a school zone; he
did not have a Texas Driver’s License; there was a strong odor of burnt marijuana;
and he had a large amount of cash in small bills. Carrion thus had specific,
articulable facts which, in light of his experience and personal knowledge, together
with inferences from those facts, warranted the intrusion on the freedom of appellant. 
We overrule appellant’s sole point of error.Conclusion
We affirm the judgment of the trial court.
 

                                                             Evelyn V. Keyes
                                                             Justice
Panel consists of Justice Hedges, Keyes, and Duggan.



Do not publish. Tex. R. App. P. 47.4.